IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ARTEL HOPKINS                           :
                                        :
        Petitioner,                     :
                                        :
    v.                                  :   Civ. Act. No. 08-06-SLR
                                        :
MICHAEL DELOY, Warden, and              :
JOSEPH R. BIDEN, III, Attorney          :   T R A V E R S E
General of the State of Delaware,       :
                                        :
        Respondents.                    :
                                        :



    Petitioner Artel Hopkins, pro se, by way of Traverse to Respondent's Answer, alleges as follows:

    1.  Petitioner admits that he is in custody as stated by Respondent. However, Petitioner contends that his custody is "unlawful" for the reasons set forth herein and in the Petition for Writ of Habeas Corpus and supporting exhibits.

    2.  Admitted as to the caused of Petitioner's detention.

    3.  Admitted as to the facts of the Respondedent's Answer.

    4.  Petitioner contends that he is entitled to relief on the following grounds as set forth in the Petition:

    Ground One : "Outrageous Government Conduct" deprived him of his
                constitutional rights.

    Ground Two : Prosecutor's comment on the Petitioner's right to
                or not to testify, deprived him of his constitutional
                rights.

    Ground Three:"Reciprocal Discovery" denial, deprived Petitioner of
                his constitutional rights

    5.  Habeas relief, including but not limited to an evidentiary hearing, should be granted, for the reasons set forth in the Petition and in the Points and Authorities in Support of the Traverse.

    6.  Admitted that the AEDPA controls the disposition of this case. How-

ever, Petitioner contends that the state court denials of his habeas claims are contrary to, and result from an unreasonable determination of, clearly established law as promulgated by the U.S. Supreme Court; and are product of an unreasonable determination of the facts.

    7.  Petitioner is entitled to relief on the claims set forth in ¶ 4.

    8.  Acknowledged.

**WHEREFORE,** Petitioner respectfully requests:

(1) that an evidentiary hearing be granted on Grounds 1,2, and 3;

(2) that the court grant the writ of habeas corpus;

(3) all other appropriate relief.

Dated: 5/26/08

Respectfull submitted,

*Artel Hopkins*
Artel Hopkins, pro'se
Sussex Correctional
P.O. Box 500
Georgetown, DE 19947

CERTIFICATE OF SERVICE

I, Artel Hopkins, hereby certify, that on May 26, 2008, I forward a said attached document to the Respondents by placing in the U.S. Mail box here at the Sussex Correctional Institution, to be forward to:

Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801

Dated: 5/26/08                                             *Artel Hopkins*



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570



Legal Mail

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTEL HOPKINS,<br><br>        Petitioner,<br><br>    v.<br><br>MICHAEL DELOY, Warden, and<br>JOSEPH R. BIDEN, III, Attorney<br>General of the State of Delaware,<br><br>        Respondents. | Civ. Act. No. 08-06-SLR<br><br>POINTS AND AUTHORITIES<br>IN SUPPORT OF TRAVERSE |

FILED
MAY 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PRELIMINARY STATEMENT

Petitioner was charged in Superior Court with Trafficking in Cocaine of 100 Grams or Greater, Possession with Intent to Deliver Cocaine, Maintaining a Building for Keeping Controlled Substances, Conspiracy Second degree, and Possession od Drug Paraphernalia.  After summation, Defendant was found guilty as charged.

## STATEMENT OF PERTINENT FACTS

### Arrest/Trial

At pp. 2-3 of its brief in support of the Answer [hereinafter "Resp. Br."], Respondent reproduces essentially verbatim the Statement of Facts set forth in the Attorney General brief from the direct appeal.  There do not appear to be any transcription errors.  However, Petitioner maintains that the facts which this court should consider to be established at arrest and trial are those in the Delaware Supreme Court opinion (see pp. 3-6) rather than those tendered by the Delaware Attorney general in the state appeal.

### Habeas Petition Allegations

Ground One of the Petition alleges, in sum, that Petitioner's Fifth and Fourteenth Amendment rights were violated when the Superior Court supplied the drugs for the reverse buy operation set up by the Delaware State Police, and then the same court allowing the prosecutor to inform the jury of its assistance

in the investigation and prosecution of the crimes which Petitioner faced- given the jury the impression that it is acceptable for the executive and judicial branches to work together in this way. Ground Two alleges, the prosecutor's negative and uninvited comment on Petitioner's silence impermissibly created an inference of guilty thereby impinging on Petitioner's Fifth amendment right not to be compelled to be a witness against himself.

## I.
### THE TRIAL COURT UNREASONABLY DENIED PETITIONER'S SEPARATIONS OF POWERS CLAIM.

Petitioner's Separations of Powers claim has two aspect: (1) The Superior Court became involved in the investigative stage of the proceedings when it supplied the Delaware State Police the drugs utilized in its undercover drug investigation, therefore appearing as if the Court was part of the prosecution team; and (2) Moreover, it is the Petitioner's contention that the jury certainly should not view the Court in this light. By letting the jury know that the drugs used in the investigation were authorized by the Court, the Court simply put its rubber stamp of approval on the prosecution's case. The trial court denied both claims. However, the trial court's action was unreasonable because the court based its decision soley upon the facts without first ordering a hearing.

### "Bad" Factual Findings

Respondent argue that, the Delaware Supreme Court found that "[t]here is no evidence in this case that one branch of government attempted to exercise the powers properly belonging to another branch." (Resp. Bf. at 6-7)

Because the federal court is required by federal law to accept as true any factual allegations that are made and supported in federal court, when the state court has made findings against the petitioner on those facts without first ordering a hearing (which was requested by petitioner)- the state's fact-findings are not binding on federal habeas corpus. See **Taylor v. Maddox**, 366 F.3d 992, 1001 (9th Cir. 2004). In this context, the **state court made** an evidentiary

findings without holding a hearing and giving petitioner an opportunity to present evidence, such court findings clearly resulted in an 'reasonable determination' of facts.  Earp v. Oronski, 431 F.3d 1158, 1167 (9th Cir. 2005), citing Townsend v. Sain, 372 U.S. 293 (1963) and Keeney v. Tamayo-Reyes, 504 U.S. 1, 5, (1992)('unreasonable determination' of the facts, and hence are not entitled to any presumption of correctness. Petitioner request an evidentiary hearing, and the "last reasoned decision" of the Delaware Supreme Court denied the claim on the merit without remanding for a hearing to develope the facts  and the AEDPA provisions arguably don't apply.   Rather, the "old law" prior to AEDPA applies,  by which a petitioner is entitled to an evidentiary hearing so long as the facts alleged in federal court, if accepted as true, would require the granting of the writ of habeas corpus.  Moreover, because AEDPA provisions do not technically apply to anything other than a "claim", the federal court is free to hold a hearing on "defenses" to the claim asserted by the Respondents on federal habeas corpus.

## II.
### RIGHT TO TESTIFY

....

## III.
### DISCOVERY VIOLATION

....

### CONCLUSION

Based on the foregoing, petitioner should be granted an evidentiary hearing on his claims, and the petition should ultimately be granted.

Date: May 23, 2008

Respectfully submitted,

*Artel Hopkins*
Artel Hopkins

CERTIFICATE OF SERVICE

I, Artel Hopkins, hereby certify, that on May 26, 2008, I forward a said attached document to the Respondents by placing in the U.S. Mail box here at the Sussex Correctional Institution, to be forward to:

Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801

Dated: 5/26/08                               *Artel Hopkins*

3



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570



Legal Mail